UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.  19-5160-JGD |
| v. ) | |
| ) | |
| DAVID FONDOTS, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S FURTHER OPPOSITION TO DEFENDANT'S MOTION TO MODIFY TERMS OF PRETRIAL RELEASE

The United States of America, submits this further opposition to defendant's motion to modify the terms of his Pretrial Services to allow him to travel internationally to pursue business opportunities.  Having now had additional time to confer with the defendant's employer and review relevant documentation, the United States has even greater concerns about the proposed travel.  In particular, the United States has learned that the defendant had changed his name in about June 2018 from David John Fondots to David John but did not tell Pretrial Services about this name change.  He also applied for and obtained and used a passport under his old name, David John Fondots, after that time.  This is the passport he provided to Pretrial Services.  Thus, it appears that the defendant not only made a false statement as to his true name in his passport application, but also in his interview with pretrial services.

It has also come to light that the defendant identified himself and provided documents to his new employer, Pareteum, under two different names – David John and David Johh and provided two different social security numbers – one two digits off from the other.  Furthermore, the defendant's current employer explained that the defendant is essentially a sales person for Latin America and that none of the proposed meetings for which he seeks to travel are with current clients.  They are simply ideas that the defendant has proposed to pursue new business.  For all

these reasons, the United States submits that the Court should deny the Defendants' motion to the terms of his pretrial release to allow him to travel outside the legal jurisdiction of the United States.

## NEW INFORMATION CONCERNING THE DEFENDANT

More specifically, the United States has learned the following:

The defendant changed his name from David John Fondots to David John in or about June 2018.

In providing documentation for his new employment, Fondots completed an I-9 form and submitted it electronically to Pareteum's human resources processing cite on October 9, 2018. Exh. A (to be provided to the Court under seal). In the I-9 application, Fondots listed his name as David Johh and signed as David Johh and listed his address as in Westford, Massachusetts. He did list other last names used as Fondots. He listed his social security number as ending in 6106 – when his actual social security number ends in 6108.

In support of this I-9, Fondots provided three pieces of identification. The first, a passport, was not copied by Pareteum but apparently was verified by Pareteum. Pareteum recorded that the passport had document number ending in 1098 and an expiration date of 3/25/2019. Exh. A.

The second piece of confirming identification provided was a California driver's license, for which the defendant provided an electronic copy to Pareteum. Exh. A. This image of the driver's license has a black box around the name David John. In fact, the driver's license was issued to David John Fondots and the black box obscures the name Fondots. Moreover, although the license appears to indicate that it was issued in January 2018, the defendant did not live in California in 2018, or at any time since 2002, according to the information he provided to Pretrial Services. Moreover, the defendant also had a Massachusetts identification document at that time in the name David John Fondots – which he apparently did not provide to Pareteum.

Finally, the defendant provided a copy of a social security card to Pareteum, which listed his name as David John and his social security number as ending in 6108 and a date of 7/2/2018. Exh. A. This card is inconsistent with the passport and information the defendant provided to Pretrial Services. The passport that the defendant provided to Pretrial Services lists his name as David John Fondots and was issued on December 31, 2018. Exh. B (to be provided to the Court under seal).

### Information About Purpose of Travel From Defendant's Employer

The United States also spoke with the defendant's boss at Pareteum. The United States also understands from the defendant's boss that the travel that the defendant proposes is to pursue potential new business opportunities on behalf of Pareteum – not meetings with existing clients. They are all being initiated by the defendant and his boss cannot verify the need or urgency for any individual meeting. His boss does believe that travel to Latin America will be necessary to close new deals if the defendant is successful in interesting new clients in Pareteum's services. However, there is no time line for when that travel would be required.

The defendant has also provided the Court and the United States several redacted and altered emails to support his claim that the travel was necessary. He has refused to provide unredacted and unaltered versions of these emails and thus it is impossible to confirm that the emails are authentic, let alone that they reflect any support for his desire to travel to Latin America at this time.

### ARGUMENT

All of this information raises many questions but it makes clear certain things. The defendant has been obtaining and using identity documents under multiple names. These identity documents are inconsistent and it appears likely that he obtained some of them using false

information (i.e. claiming that he lived in California or using his old name to obtain a passport in a name that is no longer his).

Moreover, in his interview with pretrial services, the defendant identified himself as David John Fondots and did not tell them about the name change or any of the issues of different identity documents. This came to light only as a result of the United States's investigation in response to the defendant's motion to travel.

At a minimum, the passport that the defendant provided to Pretrial Services is not in his current real name. Given that the defendant obtained it by providing false information as to his real name to the Department of State, it does not appear to be a valid passport. Therefore it appears that the defendant does not have a valid passport in his current name under which to travel internationally.

The United States has learned that the defendant may also have obtained a passport card in December 2018 under which he can travel internationally in the name of David John Fondots, which he did not provide to Pretrial Services. The United States has requested, through his counsel, that this passport card also be provided immediately to Pretrial Services.

The defendant has extensive international contacts and has travelled internationally frequently. Given the seriousness of the charges, the movement of funds overseas, and the fact that he has not only been charged with wire fraud, but has also apparently created and used multiple false identity documents and lacks a valid passport in his current name, he poses a significant risk of flight and should not be permitted to travel internationally. Also, any submission of the passports of his family is insufficient since the defendant has demonstrated that he can create multiple travel documents in multiple names. His family would be able to apply for new passports in any event.

The defendant faces serious federal criminal charges.  He is not entitled to pursue new business opportunities in foreign countries while those charges are pending.  Furthermore, the defendant has indicated a willingness to plead guilty to serious federal fraud charges --which was the basis for a motion to continue the time for Indictment.  Therefore, it is likely that he will not be on pretrial release that much longer.  It simply makes more sense, given all the issues that his motion raises, and the lack of actual urgency for any of these meetings, to deny his motion at this time.  If he pleads guilty and is sentenced to incarceration, he certainly will not be able to travel from jail.  If he is not sentenced to incarceration, he can raise the issue of work and travel as part of the terms of his probation.

Accordingly, the Court should deny the defendants' request to modify his conditions of release and require that he provide accurate information about his identity and all travel documents in all names he has used to pretrial services.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Dated: August 9, 2019              By:   */s/ Sara Miron Bloom*
                                         Sara Miron Bloom
                                         Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Sara Miron Bloom, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: August 9, 2019                     */s/ Sara Miron Bloom*
                                         Assistant United States Attorney